IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent | ) | Case Nos.    CV-05-123-E-BLW |
| | ) |                 CR-03-189-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| MERRILL ERIC PAYNE, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| _____ | ) | |

       Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) to which the Government has filed a Response (Docket No. 10).  Also pending are Defendant's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) and Defendant's Motion to Expedite (Docket No. 9).

       Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF § 2255 MOTION

### A.    Procedural Background and Summary of Claims and Issues

       Defendant was charged along with two co-Defendants with one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C.

**Memorandum Decision and Order - 1**

§§ 841(a)(1) and 846 (Count 1), one count of drug manufacturing or possession in violation of 21 U.S.C. §§ 841(1)(a) and 18 U.S.C. § 2 (Count 2), and one count of possession of a listed chemical in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2 (Count 3). *Indictment* (Docket No. 1 in the criminal case). Defendant subsequently pled guilty to Count 2 in exchange for dismissal of the remaining Counts. *Plea Agreement* (Docket No. 34 in the criminal case). On April 2, 2004, following a two-day evidentiary hearing addressing relevant conduct and drug quantity issues, he was sentenced by the Honorable Edward C. Reed, Jr., to a term of imprisonment of 57 months. *Judgment* (Docket No. 75).

Defendant did not appeal his sentence or conviction. He timely filed the instant § 2255 Motion alleging (1) an erroneous drug quantity calculation, (2) ineffective assistance of counsel for failure to call experts to object to the drug calculation, (3) ineffective assistance of counsel for permitting the prosecution to artificially inflate the drug quantity, and (4) actual innocence of the allegedly inflated drug amount. Specifically, Defendant objects to the portion of the drug quantity calculation pertaining to the alleged conversion of 18 grams of pseudoephedrine to 90 grams of methamphetamine which was then converted into 180 kilograms of marijuana. He claims that it is "impossible" for anyone to manufacture more than 18 grams of methamphetamine from 18 grams of

**Memorandum Decision and Order - 2**

pseudoephedrine.[1]  He does not contest the finding of 18 grams of pseudoephedrine.

In its Response, the Government contends that (1) the terms of the Plea Agreement bar Defendant from bringing a § 2255 motion, (2) because the drug conversion was set forth in the Drug Equivalency Tables of U.S.S.G. § 2D1.1, Application Note 10, counsel's failure to object was not unreasonable, and (3) Defendant has failed to show prejudice.

    B.    **Standards of Law**

        1.    **Section 2255 Standard**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

---

[1] Contrary to Defendant's allegations, the Court did not first convert the pseudoephedrine to methamphetamine and then convert to marijuana.  The Court converted the 18 grams of pseudoephedrine directly to its 180 kilogram marijuana equivalent pursuant to the Drug Equivalency Table set forth at U.S.S.G. § 2D1.1, Application Note 10, that provides that 1 gram of pseudoephedrine equals 10 kilograms of marijuana.

**Memorandum Decision and Order - 3**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

If the Court does not summarily dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994).

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

**Memorandum Decision and Order - 4**

proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689.

### C. Discussion

The Government contends that Defendant waived his right to challenge his sentence in a § 2255 proceeding. The Court agrees.

The Plea Agreement contained the following provision in relevant part:

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge his/her sentence through a habeas petition such as a motion pursuant to 28 U.S.C. § 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily

**Memorandum Decision and Order - 5**

>        gives up (waives) his right to contest his pleas,
>        conviction, or sentence in any post-conviction
>        proceeding, including any proceeding authorized by 28
>        U.S.C. § 2255, except as to an appeal claiming
>        ineffective assistance of counsel based upon facts
>        discovered <u>after</u> the entry of defendant's guilty pleas
>        (sic).

*Plea Agreement*, ¶ III, p. 6 (emphasis in original) (Docket No. 34 in criminal case).

A defendant may waive the right to challenge his sentence collaterally in a § 2255 proceeding. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (citing *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)). The right to collaterally challenge a sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *Abarca,* 985 F.2d at 1014. To be enforceable as a bar to a collateral attack, the plea agreement must expressly waive the right to bring a § 2255 motion. *Pruitt*, 32 F.3d at 433 (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). However, even an unambiguous waiver knowingly and voluntarily made is unenforceable as to an ineffective assistance of counsel claim challenging the voluntariness of the waiver itself. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 1778 (2006) (addressing waiver of § 2254 rights citing cases from other circuits regarding § 2255 rights).

**Memorandum Decision and Order - 6**

The Plea Agreement here expressly and unambiguously provides for the waiver of § 2255 rights except as to an ineffective assistance of counsel claim based on facts discovered after entry of the guilty plea.  The record indicates that Defendant entered into the Plea Agreement knowingly and voluntarily.  Although case law would allow an ineffective assistance of counsel claim challenging the voluntariness of the waiver, Defendant has raised no such claim in his § 2255 Motion.  Rather, his claims are (1) a direct challenge to one aspect of the drug quantity calculation, a claim clearly encompassed by the waiver;  and (2) an assertion of ineffective assistance of counsel based on counsel's failure to present evidence controverting that aspect of the drug quantity calculation, also a claim encompassed by the waiver.   Accordingly, Defendant's § 2255 Motion is subject to dismissal based on a valid and enforceable waiver.

Even if the ineffective assistance of counsel claim were not waived, failure to present evidence to controvert the drug equivalency table in U.S.S.G. § 2D1.1, Application Note 10, clearly does not constitute performance falling below an objective standard of reasonableness.  Nor does it amount to error so serious that it rendered the adversarial process unreliable or denied Defendant the counsel guaranteed by the Sixth Amendment.

## ORDER

**Memorandum Decision and Order - 7**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-123-E-BLW and Docket No. 77 in CR-03-189-E-BLW) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-05-123-E-BLW is DISMISSED with prejudice in its entirety.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is DENIED and Defendant's Motion to Expedite (Docket No. 9) is MOOT.

DATED: **August 23, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 8**